UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ARISTA RECORDS, LLC,** *et al.*, | : | Case No. 1:07-CV-2828 |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| | : | |
| **DOES 1-11**, | : | **ORDER** |
| | : | |
| | : | |
| **Defendants.** | : | |

Before the Court are two separate objections to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 19): (1) Defendant Doe #9's *Objection to Magistrate's Report* (Doc. 20); and (2) *Plaintiffs' Objection to Magistrate's Report and Recommendation* (Doc. 21). Both of the objections relate to the portion of the Magistrate Judge's R&R that recommended granting Defendant Doe #9's *Motion to Dismiss for Improper Joinder* (Doc. 16).[1] To date, no party has filed a response to either objection. As the time for responding has expired, *see* Local Rule 72.3(b), the objections are now ripe for determination. For the reasons articulated below, the Court **CONVERTS** Defendant Doe #9's *Motion to Dismiss for Improper Joinder* into a motion for severance; **AMENDS** and **ADOPTS** the Magistrate Judge's R&R; and **SEVERS** all Doe Defendants, except Defendant Doe #1, from this action.

---

[1] This Order, which addresses only Defendant Doe #9's pending *Motion to Dismiss for Improper Joinder*, shall be read in conjunction with the Court's previous Order dated September 30, 2008 (Doc. 22), in which the Court adopted, without objection, the portion of the Magistrate Judge's R&R recommending denial of Defendant Doe #9's *Motion to Quash Plaintiffs' Subpoena Directed to Non-Party Case Western Reserve University* (Doc. 6).

## I. BACKGROUND

This is a copyright action in which Plaintiffs, fourteen different record companies and business entities, allege that eleven unidentified "Doe" Defendants infringed their copyrighted sound recordings by downloading and/or distributing the recordings using an online media distribution system.[2] Plaintiffs' Complaint identifies each Doe Defendant only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider ("ISP") on the date and time of that Defendant's alleged infringing activity. Case Western Reserve University ("Case") is the ISP for each of the allegedly infringing IP addresses.

The Complaint specifically alleges that joinder of the Doe Defendants is proper by virtue of the following:

> Although Plaintiffs do not know the true names of Defendants, each Defendant is alleged to have committed violations of the same law (*e.g.*, copyright law), by committing the same acts (*e.g.*, the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (*e.g.*, a file-sharing network) that each Defendant accessed via the same ISP. Accordingly, Plaintiffs' right to relief arises out of the same series of transactions or occurrences, and there are questions of law or fact common to all Defendants such that joinder is warranted and appropriate here.

(Doc. 1 at ¶ 19.)

This action is a typical music downloading lawsuit that Plaintiffs and other members of the Recording Industry Association of America ("RIAA") have filed across the country. *See* Joshua M. Dickman, *Anonymity and the Demands of Civil Procedure in Music Downloading Lawsuits*, 82 TUL. L. REV. 1049, 1053, 1059-60 (2008).

---

[2] Pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, Plaintiffs voluntarily dismissed without prejudice their claims against Defendant Does #2, 3, and 11. (Doc. 9.)

On April 21, 2008, Defendant Doe #9 filed the pending *Motion to Dismiss for Improper Joinder* (Doc. 16), moving the Court to dismiss all Doe Defendants except Defendant Doe #1, because Plaintiffs had improperly joined Defendants under Rule 20(a) of the Federal Rules of Civil Procedure. On May 14, 2008, Plaintiffs filed a memorandum in opposition (Doc. 18), arguing that joinder is proper or, alternatively, that resolution of the joinder issue should be postponed until after initial, expedited discovery has been conducted – namely, serving a subpoena on Case, the Doe Defendants' ISP – and the Doe Defendants have been identified and are before the Court.

After lengthy settlement efforts between the parties failed, the Magistrate Judge issued his R&R on September 8, 2008 (Doc. 19). With respect to Defendant Doe #9's pending motion, the Magistrate Judge recommended finding that joinder is inappropriate, because the Plaintiffs' Complaint does not allege claims against the Doe Defendants that arise out of the same series of transactions. To remedy the misjoinder, the Magistrate Judge recommended that all Doe Defendants except Defendant Doe #9, who had already entered an appearance with counsel, should be dismissed without prejudice. Alternatively, the Magistrate Judge recommended that any dismissal of the Doe Defendants be delayed until after the subpoena was served on Case to determine if there was any evidence of concerted action between the Doe Defendants and Defendant Doe #9, such that those Defendants could remain properly joined in the action.

As noted, both Defendant Doe #9 and Plaintiffs have filed objections to this portion of the Magistrate Judge's R&R (Docs. 20, 21). Defendant Doe #9 agrees with the Magistrate Judge's recommendation that joinder is inappropriate, but argues that the Magistrate Judge recommended the wrong remedy. Instead of dismissing without prejudice all Doe Defendants except *Defendant Doe #9*, Defendant Doe #9 submits that his or her motion requested, and logic dictates, that the Court should dismiss all Defendants except *Defendant Doe #1*. By contrast, Plaintiffs contend that

3

the Magistrate Judge's recommendation was incorrect, arguing once again that joinder is proper or, alternatively, that the Court should not address joinder until after the Doe Defendants have been identified.

## II. **LAW & ANALYSIS**

Pursuant to the Federal Magistrates Act and the Local Rules, the Court has conducted a *de novo* review of the portion of the R&R to which the parties have made a specific objection, *i.e.*, the Magistrate Judge's recommendation regarding Defendant Doe #9's *Motion to Dismiss for Improper Joinder*. *See* 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3(b).

At the outset, the Court notes that Defendant Doe #9's *Motion to Dismiss for Improper Joinder* is more accurately labeled as a motion for severance, because the appropriate remedy for misjoinder under the Federal Rules of Civil Procedure is severance, not dismissal. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Elektra Entm't Group, Inc. v. Does 1-9*, No. 04 Civ. 2289 (RWS), 2004 WL 2095581, at *6 (S.D.N.Y. Sept. 8, 2004) ("[T]he remedy for improper joinder is severance . . . ."). Accordingly, the Court will construe Defendant Doe #9's pending motion to dismiss as a motion for severance. *See Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *4 (W.D. Pa. April 3, 2008) (converting a motion to dismiss for improper joinder to a motion for severance in a similar copyright action brought by various members of the RIAA against nine unidentified defendants).

Further, as explained in more detail below, the Court concludes that Defendant Doe #9's converted motion for severance is well-taken, because: (1) joinder can and should be addressed at this stage of the proceedings; and (2) Plaintiffs' Complaint improperly joins the Doe Defendants. To remedy the misjoinder, however, the Court disagrees with the Magistrate Judge and concludes

4

that all Doe Defendants, except Defendant Doe #1, should be severed from this action.

**A.     Addressing Defendant Doe #9's Converted Motion For Severance Is Not Premature**

In their objection to the R&R, Plaintiffs first argue that a decision on joinder should not be rendered until after the Doe Defendants have been identified. Citing several district court decisions, Plaintiffs submit that most courts considering similar motions have held that addressing joinder at this stage of the proceedings is premature. For example, Plaintiffs state that Case, the Doe Defendants' ISP, may very well identify the same individual as responsible for multiple instances of infringement, *i.e.*, two or more of the Doe Defendants could be the same individual. As such, Plaintiffs contend that this Court should follow the Southern District of Ohio's recent decision in *Arista Records, LLC v. Does 1-9*, No. 2:07-CV-961, 2008 U.S. Dist. LEXIS 57734, at *5-*7 (S.D. Ohio July 29, 2008), which adopted a magistrate judge's recommendation finding that joinder was improper, but stayed enforcement of the severance order until after the doe defendants' ISP, Ohio State University, had responded to the plaintiffs' subpoena and it was determined that nine separate individuals were responsible for the nine IP addresses identified in the complaint. Moreover, Plaintiffs note that, as they have done in other lawsuits, once Case identifies the Doe Defendants, Plaintiffs likely will sever the remaining Defendants or dismiss this case and re-file individual actions against each named Defendant.[3]

The Court, however, disagrees with Plaintiffs and concludes that joinder can and should be decided before the Doe Defendants are identified. First, while Plaintiffs point to several district courts that have indeed deferred ruling on the joinder issue until after identification, *see, e.g.*, *Arista*

---

[3]     In fact, Plaintiffs wrote in their memorandum in opposition before the Magistrate Judge that they "intend[ed] to sever the Doe Defendants' cases once they have been identified." (Doc. 18 at 2, 9.)

5

*Records, LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11-12 (D.D.C. 2008), the Court determines that none have provided an applicable explanation or analysis, let alone a persuasive rationale, for doing so in this case. For instance, the District Court for the District of Columbia in *Arista Records, LLC* merely asserted that, without any explanation or analysis, the joinder inquiry raised in a motion to dismiss was premature "without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct." *Id.* at 11; *see also Warner Bros. Records Inc. v. Does 1-14*, No. 8:07-CV-625-T-24TGW (M.D. Fla. Jan. 3, 2008) (concluding without explanation or analysis that it was premature to consider the issue of joinder before identification); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 568 (S.D.N.Y. 2004) (concluding that it was premature to consider the issue of joinder when resolving a motion to quash; "Although they [a doe defendant and *amici curiae*] raise a fair issue as to whether all these claims against forty apparently unrelated individuals should be joined in one lawsuit, discussion of joinder is not germane to the motions to quash before the Court, as the remedy for improper joinder is severance, *see* Fed. R. Civ. P. 21, and not the quashing of the subpoena at issue here"); *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH (N.D. Ga. March 1, 2004) (concluding that a decision regarding the issues of personal jurisdiction and joinder raised by *amici curiae* would be premature, because no party to the action had raised any of those issues); *UMG Recordings v. Does 1-199*, No. 04-093 (CKK) (D.D.C. March 11, 2004) (concluding that a decision regarding the issues raised by *amici curiae* would be premature).[4]

Likewise, the Court disagrees with the non-binding decision by the Southern District of Ohio

---

[4] Unlike the numerous unpublished decisions that were cited in Plaintiffs' memorandum in opposition before the Magistrate Judge (*see* Doc. 18-2), which will be discussed below, the above unpublished decisions cited by the Court were attached to Plaintiffs' objections (*see* Docs. 21-3, 21-6, 21-7).

in *Arista Records, LLC* to stay the enforcement of a magistrate judge's severance order until after identification. 2008 U.S. Dist. LEXIS 57734, at *5-*7. While the Southern District of Ohio appears to have been persuaded by efficiency concerns, *see id.* at *7 (stating that the issue "will be easily clarified" once the ISP responds to the subpoena), the Court, as will be discussed further below, does not believe that such efficiency concerns should supersede the requirements for joinder set forth in the Federal Rules of Civil Procedure, particularly where, as here, there are no allegations that the same individual is responsible for multiple instances of infringement occurring at the identified IP addresses. Further, also discussed below, the Court notes that there are adverse practical consequences associated with postponing a decision on joinder until after identification that the Southern District of Ohio did not address and that the Court finds persuasive.

Instead, the Court agrees with the various district courts that have decided to reach the joinder issue prior to identification of the doe defendants. *See, e.g.*, *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 U.S. Dist. LEXIS 14544, at *6-*9 (E.D.N.C. Feb. 27, 2008) (severing all doe defendants except one before a subpoena was served on the ISP); *Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D. Cal. Aug. 29, 2007) (rejecting plaintiffs' argument on a motion for reconsideration that the joinder issue was decided prematurely where the court had *sua sponte* severed all the doe defendants except one as improperly joined);[5] *In re: Cases Filed by Recording Cos.* (W.D. Tex. Nov. 17, 2004) (aggregating docket numbers A-04-CA-550 LY, A-04-CA-636 SS, A-04-CA-703 LY, and A-04-CA-704 LY) (issuing a *sua sponte* order finding that the doe defendants in the four cases before the court were improperly joined and severing all but the

---

[5] This unpublished decision from the Central District of California can be viewed at the following website:
www.ilrweb.com/viewILRPDF.asp?filename=elektra_obrien_070302Decision

first doe defendant in each case);[6] *BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2-*4 (E.D. Pa. April 2, 2004) (rejecting plaintiffs' argument on a motion for reconsideration that the joinder issue was decided prematurely where the court had *sua sponte* severed all the doe defendants except one as improperly joined); *Interscope Records v. Does 1 - 25*, No. 6:04-CV-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *2-*6 (M.D. Fla. Apr. 1, 2004) (recommending that the joinder issue be decided promptly; "[T]he Court disagrees with Plaintiffs that it must also wait to determine whether severance will prejudice any party or result in undue delay of the litigation . . . because the various Plaintiffs' claims against various Defendants are not logically related to each other"), *adopted in part by*, 2004 U.S. Dist. LEXIS 27778 (M.D. Fla. Apr. 27, 2004); *see also* Dickman, *supra*, at 1103-17 ("[E]ven though many courts have chosen to defer ruling on the misjoinder issue until after revelation of the Does' identities, the superior approach is to reach the issue before identifying the Does.").

In reaching its conclusion, the Court is persuaded by both the legal and practical reasons for addressing joinder at this stage of the proceedings. First, from a legal standpoint, the Court initially notes that it has considerable latitude as to when issues of joinder should be determined. Rule 21 of the Federal Rules of Civil Procedure, which discusses misjoinder of parties, provides that a court, on motion or on its own, may "*at any time*, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). Further, as established within this Circuit, application of the joinder rules in cases of alleged misjoinder is committed to a district court's sound discretion. *See, e.g.*, *Brantley v. Cinergy Corp.*, No. 1:01-CV-378, 2007 U.S. Dist. LEXIS 62904,

---

[6] This unpublished decision from the Western District of Texas can be viewed at the following website: www.ilrweb.com/viewILRPDF.asp?filename=fonovisa_does_%20041117OrderGrantSeverance

8

at *30 (S.D. Ohio Aug. 27, 2007) (citing *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988)). Exercising this discretion, the Court believes that Defendant Doe #9's converted motion for severance should be resolved now to ensure that Plaintiffs' Complaint complies with the permissive joinder requirements set forth in Rule 20(a) of the Federal Rules of Civil Procedure. As one district court suggested in a similar case, if Plaintiffs' Complaint does in fact violate the joinder requirements, Plaintiffs should not be permitted to proceed with their lawsuit until after the procedural defect is rectified. *See BMG Music*, 2004 U.S. Dist. LEXIS 8457, at *2 ("Although it would be convenient and economical (for Plaintiffs) to have this Court preside over Plaintiffs' expedited discovery request, the Court simply cannot overcome its finding that the Defendants are not properly joined parties. In light of the Court's continuing conviction that joinder is improper, deferring consideration of the joinder issue is inappropriate . . . ."). The Federal Rules of Civil Procedure should not be cast aside merely in the name of potential efficiency.

Second, there are practical reasons why the Court should address joinder at this time. In all likelihood, if the joinder decision were to be postponed, the Court would never have an opportunity to rule on the propriety of Plaintiffs' joinder of the Doe Defendants. S*ee Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D. Cal. Aug. 29, 2007) ("Although Plaintiffs contend that the Defendant Does may question the propriety of joinder after they are identified, it is this Court's experience that an overwhelming majority of cases brought by recording companies against individuals are resolved without so much as an appearance by the defendant, usually through default judgment or stipulated dismissal."); Dickman, *supra*, at 1111 ("While there will undoubtedly be a few cases in which defendants will continue to litigate after they have been identified, the typical music downloading lawsuit essentially concludes once the Does are identified, because the record companies have all they need to effectuate their real goal of mass settlement.") In fact, as noted,

9

Plaintiffs indicated to the Magistrate Judge that they intend to sever the Doe Defendants' cases once they have been identified. While overworked courts normally would appreciate one less motion to decide, by deferring a ruling on joinder in this case and if, as will be discussed below, the Doe Defendants are misjoined, Plaintiffs would be able to avoid paying $350 filing fees under 28 U.S.C. § 1914(a) for separate actions against each of the improperly joined Defendants. Although the government would not lose a substantial amount of filing fees from this case alone, other courts and commentators have noted that a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars and only encourages Plaintiffs and other members of the RIAA to join (or misjoin) as many doe defendants as possible. *See Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D. Cal. Aug. 29, 2007); *In re: Cases Filed by Recording Cos.* (W.D. Tex. Nov. 17, 2004); Dickman, *supra* at 1112. As the Central District of California noted in a decision rejecting an argument to defer ruling on joinder, "Postponing the issue of joinder to a day that in all likelihood will never come only serves to aid Plaintiffs' attempt to avoid filing fees. While Plaintiffs are certainly entitled to vindicate their rights, they must play by the Federal Rules in doing so." *Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D. Cal. Aug. 29, 2007). Accordingly, because of the foregoing legal and practical reasons, the Court concludes that addressing the joinder issue presented in Defendant Doe #9's converted motion for severance is not premature and should be determined at this stage of the proceedings.

**B.    The Doe Defendants Are Improperly Joined**

In their objection to the R&R, Plaintiffs next argue in the alternative that, if joinder is addressed at this stage of the proceedings, the Court nonetheless should conclude that joinder of the Doe Defendants is proper. Raising essentially the same arguments they advanced before the Magistrate Judge, Plaintiffs contend that the joinder requirements of Fed. R. Civ. P. 20(a) are

10

satisfied and submit that "the substantial majority of courts throughout the country who have addressed this issue under identical facts have concluded that joinder is proper." (*See* Doc. 21 at 5-8.)

The Court, however, disagrees with Plaintiffs yet again and adopts the Magistrate Judge's finding in the R&R that joinder of the Doe Defendants is inappropriate. Pursuant to Fed. R. Civ. P. 20(a)(2), persons may be joined in one action as defendants only if the following two requirements are met:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Here, as the Magistrate Judge found, Plaintiffs have not satisfied the initial requirement under Fed. R. Civ. P. 20(a)(2), *i.e.*, Plaintiffs have failed to show that the copyright infringement claims against the Doe Defendants arose out of the same transaction, occurrence, or series of transactions or occurrences. Relying in part on the Southern District of Ohio's decision in *Arista Records, LLC*, the Magistrate Judge correctly determined that merely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules. The Magistrate Judge wrote, "[T]he mere common use by otherwise separate and unrelated defendants of the same program in inflicting the same type of harm on a single plaintiff is inadequate to support a finding that the defendants' actions were 'concerted.'" (Doc. 19 at 10.) Further, as the Magistrate Judge noted, because Plaintiffs did not allege that the Doe Defendants caused the *same harm* (rather than the *same type of harm*), joinder is improper.

In addition to the Magistrate Judge's findings in the R&R, the Court also notes that, contrary

11

to Plaintiffs' contention, it appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper. *See, e.g.*, *Arista Records, LLC*, 2008 U.S. Dist. LEXIS 57734, at *5-*7; *Fonovisa, Inc.*, 2008 WL 919701, at *4-*6; *LaFace Records, LLC*, 2008 U.S. Dist. LEXIS 14544, at *6-*9; *Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D. Cal. Aug. 29, 2007); *BMG Music v. Does 1-4*, No. 3:06-CV-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *4-*9 (N.D. Cal. July 31, 2006); *In re: Cases Filed by Recording Cos.* (W.D. Tex. Nov. 17, 2004) (aggregating docket numbers A-04-CA-550 LY, A-04-CA-636 SS, A-04-CA-703 LY, and A-04-CA-704 LY); *Elektra Entm't Group, Inc.*, 2004 WL 2095581, at *6-*7; *BMG Music*, 2004 U.S. Dist. LEXIS 8457, at *2-*4; *Interscope Records*, 2004 U.S. Dist. LEXIS 27782, at *2-*6; *see also Arista Records, LLC v. Does 1-27*, No. 07-162-B-W, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008) (recommending that the court may direct the plaintiffs to show cause why they have not violated Rule 11(b) with their allegations respecting joinder of the doe defendants; "These plaintiffs have devised a clever scheme to obtain court-authorized discovery prior to the service of complaints, but it troubles me that they do so with impunity and at the expense of the requirements of Rule 11(b)(3) because they have no good faith evidentiary basis to believe the cases should be joined"); Dickman, *supra*, at 1103-17.[7]

---

[7] Plaintiffs' reference to Exhibit A in their memorandum in opposition (*see* Doc. 18-2), which lists the names of 309 cases in which district courts allegedly entered orders upholding joinder of doe defendants in similar lawsuits, does not support Plaintiffs' position that the substantial majority of courts throughout the country who have addressed this issue under identical facts have concluded that joinder is proper. The Court agrees with the Western District of Pennsylvania's recent decision in *Fonovisa, Inc.* to disregard what is presumably the same exhibit that was filed in this case. 2008 WL 919701, at *5 n.10 ("The Court will not

Accordingly, because of the Magistrate Judge's findings in the R&R and the persuasive authority cited above, the Court concludes that Plaintiffs' joinder of the Doe Defendants was improper, and Defendant Doe #9's converted motion for severance should be granted.

**C.     All Doe Defendants, Except Defendant Doe #1, Should Be Severed**

As noted, to remedy Plaintiffs' improper joinder, the Magistrate Judge recommended that all Doe Defendants, except Defendant Doe #9, who had already entered an appearance with counsel, should be dismissed without prejudice.

The Court, however, disagrees and concludes that severance of all the Doe Defendants is appropriate. First, as highlighted above, the proper remedy for improper joinder under Fed. R. Civ. P. 21 is severance, not dismissal. Second, the Court believes that all Doe Defendants, except Defendant Doe #1, should be severed, as this remedy more closely parallels the relief requested in Defendant Doe #9's motion and is consistent with other orders issued by district courts in similar cases. *See, e.g.*, *LaFace Records LLC*, 2008 U.S. Dist. LEXIS 14544, at *8 (severing all doe

---

> accept carte blanch a party's *description* of the ruling in a case without either a copy of the opinion and order or a citation to an electronic database or official reporter where that opinion and order can be located. Without that, the Court has no knowledge of the facts and/or circumstances that went into the deliberations in making the rulings in those 300 plus cases.") (emphasis in original). Plaintiffs had the opportunity to attach select unpublished decisions to their memoranda to support their argument, and as noted, did attach certain unpublished decisions in their objections to the R&R regarding whether a decision on joinder would be premature, but failed to do so in this context. Further, the Court notes that Plaintiffs did not discuss the reasoning of any of the 309 cases listed in Exhibit A during their arguments related to the propriety of joinder (which presumably would have been directly on point), but instead relied heavily on *Stone Age Foods v. Exchange Bank*, No. C-04585 CW, 1997 WL 123248 (N.D. Cal. March 4, 1997), a case with entirely different facts, and insisted that it represented an analogous holding that would support a finding that joinder was proper. In this regard, the Court agrees with the Magistrate Judge's finding that this case is distinguishable from *Stone Age Foods*.

13

defendants except one, the first non-moving doe defendant remaining in the action). Accordingly, the Court hereby severs all remaining Doe Defendants, except Defendant Doe #1, from this action.

### III. CONCLUSION

For the foregoing reasons, the Court **CONVERTS** Defendant Doe #9's *Motion to Dismiss for Improper Joinder* (Doc. 16) into a motion for severance; **AMENDS** and **ADOPTS** the Magistrate Judge's R&R; and **SEVERS** all Doe Defendants, except Defendant Doe #1, from this action.

To implement the severance, the Court directs the Clerk's Office upon issuance of this Order to: (1) assign new individual case numbers for Defendant Does #4, 5, 6, 7, 8, 9, and 10; (2) mark these new cases as related to the original action – Case No. 1:07-CV-2828 – and assign them to the undersigned District Judge; and (3) copy and transfer all filings from the original action to each of the new cases.[8] Then, if Plaintiffs choose to pursue their claims against a severed Doe Defendant, they must pay the requisite filing fees within eleven (11) days of the date of this Order. If Plaintiffs fail to pay the requisite filing fees for any new case in a timely fashion, that case will be dismissed without prejudice.

Pre-trial discovery in all of the cases, however, may be consolidated to obviate Plaintiffs' concerns with efficiency. In this regard, Plaintiffs' subpoena served on Case would remain valid in each of the cases to the extent that Plaintiffs complied with the procedure set out above.

---

[8] The original case number will apply to Defendant Doe #1. As noted, Defendant Does #2, 3, and 11 already have been dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i).

14

**IT IS SO ORDERED.**

*s/Kathleen M. O'Malley*
**KATHLEEN MCDONALD O'MALLEY**
**Dated: November 3, 2008**     **UNITED STATES DISTRICT JUDGE**